IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

**KATHLEEN EMRICK,**

    **Plaintiff,**

v.     CIVIL ACTION NO. 1:23-cv-82 Kleeh

**CREDIT COUNSEL INC.,**
**JEFFREY ALLEN, and**
**STACEY LEVY,**

    **Defendants.**

ELECTRONICALLY FILED
10/19/2023
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

### Parties, Jurisdiction, and Venue

1. Plaintiff Kathleen Emrick is a citizen and resident of Terra Alta, Preston County, West Virginia.

2. Defendant Credit Counsel Inc. ("CCI") is a corporation incorporated in Florida and not authorized to do business in West Virginia.

3. Defendant Jeffrey Allen is a citizen and resident of Florida.

4. Defendant Stacey Levy is a citizen and resident of Florida.

5. Plaintiff brings this action to recover for Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 e*t seq.*, in attempting to collect a consumer debt from Plaintiff.

6. Plaintiff has suffered an injury in fact that is fairly traceable to Defendants' collective conduct and that is likely to be redressed by a favorable decision in this matter.

7. Jurisdiction is proper with this Court under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

8. Venue is proper with this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the action occurred in this judicial district.

**Facts**

9. Plaintiff is a natural person who is obligated or allegedly obligated to pay a debt, and therefore is a "consumer" under 15 U.S.C. § 1692a(3)

10. CCI describes itself on its website as "a professional Debt Recovery organization based in South Florida, serving clients nationally and international since 1997."

11. CCI is an entity that uses instrumentalities of interstate commerce, including the United States Postal Service, in a business whose principal purpose is the collection of debts, or that regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another, and therefore is a "debt collector" under 15 U.S.C. § 1692a(6).

12. Allen is a collection agent employed by CCI and is a "debt collector" under 15 U.S.C. § 1692a(6).

13. Levy is a collection agent employed by CCI and is a "debt collector" under 15 U.S.C. § 1692a(6).

14. CCI and its employees and agent directly and indirectly participated in the unlawful efforts to collect an alleged debt from Plaintiff, as further described in this Complaint.

15. CCI is not authorized to conduct business in West Virginia because it is not registered as required by the Collection Agency Act of 1973, West Virginia Code §§ 47-16-1 *et seq.*

16. Within one year preceding the filing of this Complaint, Defendants attempted to collect from Plaintiff a financial obligation that was primarily for personal, family, or household purposes, and is therefore a "debt," as that term is defined by 15 U.S.C. § 1692a(5), by attempting to collect this debt from Plaintiff in the State of West Virginia.

17. Sometime in 2019, Plaintiff incurred an alleged debt to Memorial Same Day Surgery Center ("MSDSC") in Pembroke Pines, Florida for medical expenses incurred for the treatment of injuries sustained in or around February 2019.

18. Plaintiff did not receive a bill for any services provided by MSDSC.

19. At some point, MSDSC consigned, placed, or otherwise transferred Plaintiff's alleged debt to CCI for collection.

### *Defendant Jeffrey Allen's First Letter to Plaintiff*

20. Three years later, Plaintiff received a letter dated August 22, 2022 from Allen in which he confirmed that CCI is a debt collector and was trying to collect a debt that Plaintiff owes to MSDSC. A copy of the letter is attached as Exhibit A.

21. Allen's letter stated that as of September 23, 2019, Plaintiff owed $16,158 and that between September 23, 2019 and August 22, 2022, Plaintiff was charged interest in the amount of $8,478.30 and fees in the amount of $25, and the total amount of the debt was $24,661.30.

22. Allen's letter did not attach a copy of any bill from MSDSC or any agreement between Emrick and MSDSC in which she agreed to pay interest and fees, nor did his letter attach any explanation showing how the interest and fees allegedly owed were calculated or were authorized.

### *Defendant Jeffrey Allen's First Telephone Call to Plaintiff*

23. On October 6, 2022, Allen made a telephone call to Plaintiff, which she was not available to accept.

24. Allen left a voicemail message in which he identified himself as calling on behalf of his client, MSDSC, and advised Plaintiff she had a "small window of opportunity to get this amicably resolved" and asked her to contact him about the debt.

### *Defendant Jeffrey Allen's Second Telephone Call to Plaintiff*

25. On October 24, 2022, Allen made another telephone call to Plaintiff, which she was not available to accept.

26. Allen left a voicemail message in which he identified himself as calling on behalf of his client, MSDSC, accused her of ignoring his earlier message, told her that her claim remained unresolved, and asked her to contact him about the debt.

### *Defendant Stacey Levy's First Letter to Plaintiff*

27. On November 25, 2022, Levy sent Plaintiff a letter on letterhead stating that it was from CCI's "Asset Identification Division." Levy identified herself as the "Division Manager" and stated that Plaintiff's account was past due in the amount of $25,394.39, although the letter did not provide any calculation for the amount or explain why it had increased since Allen's August 22, 2022 letter. A copy of the letter is attached as Exhibit B.

### *Dan Fisher's Telephone Call to Plaintiff*

28. On December 27, 2022, Dan Fisher made a telephone call to Plaintiff, which she was not available to accept.

29. Fisher left a voicemail message in which he identified himself as calling from CCI on behalf of his client, MSDSC, told her he was calling about the legal notice sent to her via email, and asked her to contact him about the debt.

### *Defendant Stacey Levy's Second Letter to Plaintiff*

30. On February 8, 2023, Levy, in her capacity as Division Manager, sent Plaintiff another letter on letterhead stating that it was from CCI's "Asset Identification Division." This letter was titled "NOTICE OF PENDING CLAIM," and accused Plaintiff of ignoring her obligation to CCI and gave her ten days within which to make full payment or CCI could choose to proceed with legal action against her or refer the account to an attorney in her jurisdiction for immediate action. A copy of the letter is attached as Exhibit C.

31. The letter stated further that CCI intended to "to exercise any and all rights provided for enforcement of judgments[,]" and that CCI would proceed with such action immediately when directed to do so by its client. The letter

also stated that Plaintiff's account was past due in the amount of $26,015.92, although the letter did not provide any calculation for the amount or explain why it had increased since Levy's November 25, 2022 letter.

### *Andy Goodman's Telephone Call to Plaintiff*

32. On February 22, 2023, Andy Goodman made a telephone call to Plaintiff, which she was not available to accept.

33. Goodman left a voicemail message in which he identified himself as calling from CCI, told her he was calling about a notice of intent to demand from the legal department, and asked her to contact him about the debt.

### *Defendant Jeffrey Allen's Second Letter to Plaintiff*

34. Allen sent another letter dated April 6, 2023 to Plaintiff, which reflected a past due balance of $26,470.11. The letter stated that it was a "FINAL NOTICE" and accused Plaintiff of "OBVIOUSLY" choosing not to respond to CCI's "PREVIOUS REQUESTS FOR IMMEDIATE PAYMENT" of her past-due account. A copy of the letter is attached as Exhibit D.

35. The letter stated further that it was CCI's "FINAL ATTEMPT TO AMICABLY RESOLVE" this matter and that if Plaintiff did not pay in full within five days, CCI "WILL TAKE ADDITIONAL COLLECTION

PROCEDURES TO ENFORCE PAYMENT" of her obligation. Allen advised that those actions "MAY INCLUDE FORWARDING [her] ACCOUNT TO A 'MAJOR NATIONAL CREDIT BUREAU.'" The letter also stated that Plaintiff's balance "MAY VARY FROM DAY TO DAY BECAUSE OF INTEREST, LATE CHARGES, AND OTHER CHARGES[,]" and that if Plaintiff made a payment and additional monies were owed, CCI would contact her.

36. Defendants' actions as described above were oppressive, deceptive, misleading, unfair, and illegal communications in an effort to collect an alleged debt from Plaintiff and violated various provisions of the FDCPA.

37. CCI's violations were knowing, willful, negligent, and/or intentional and CCI failed to maintain procedures reasonably adapted to avoid any such violations.

38. CCI's collection efforts regarding this alleged debt caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

39. CCI's deceptive, misleading, and unfair representations regarding its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to respond intelligently and meaningfully to

those efforts because Plaintiff could not adequately respond to CCI's demand for payment.

40. Defendants knew or should have known they had no right to add impermissible collection fees under the FDCPA or fees that were not provided by the contract or otherwise permitted by law. *See Moore v. Blibaum & Assocs., P.A.*, 693 Fed. Appx. 205 (4th Cir. 2017).

41. On June 29, 2022, the Consumer Financial Protection Board addressed the illegality of add-on collection fees like those sought by Defendants from Plaintiff:

> Section 808(1) of the FDCPA prohibits debt collectors, in relevant part, from "collect[ing] … *any* amount (*including* any interest, fee, charge, or expense incidental to the principal obligation)." As the Supreme Court has explained, the "word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.' In addition, under its ordinary meaning, the term "including" typically indicates a partial list. The CFPC interprets the words "any" and "including" as used in section 808(1) consistent with their ordinary meanings. Accordingly, the CFPB clarifies that FDCPA section 808(1) and Regulation F, 12 CFR 1006.22(b), apply to any amount collected by a debt collector in connection with the collection of a debt, including, but not limited to, any interest, fee, charge, or expense that is incidental to the principal obligation.
>
> \*\*\*
>
> The CFPB therefore interprets FDCPA section 808(1) to prohibit a debt collector from collecting any amount unless such amount either is expressly authorized by the agreement creating the debt (and is not prohibited by law) or is expressly

9

        permitted by law. That is, the CFPB interprets FDCPA section 808(1) to permit collection of an amount only if: (1) the agreement creating the debt expressly permits the charge and some law does not prohibit it; or (2) some law expressly permits the charge, even if the agreement creating the debt is silent.[1]

42. The communications described above from Defendants toward Plaintiff as part of Defendants' efforts to improperly, impermissibly, and illegal collect an alleged debt from her represent numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1), as well as violations of West Virginia law.

## Count I
## **Violations of FDCPA by Defendants**

43. Plaintiff incorporates paragraphs 1 through 42 by reference hereto as if set forth verbatim hereinafter.

44. The acts and omission of Defendants described above constitute numerous and multiple violations of the FDCPA, including, but not limited to, every provision of the FDCPA cited above regarding Plaintiff.

45. As a direct and proximate result of every violation of the FDCPA committed

---

[1] https://files/consumerfinance.gov/f/documents/cfpb_convenience-fees_advisory-opinion_2022-06.pdf (footnotes omitted, emphasis in original).

by Defendants, Plaintiff is entitled to actual damages under 15 U.S.C. 1692k(a)(1); statutory damages in an amount up to $1,000 for each violation under 15 U.S.C. 1692k(a)(2)(A); and attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) from all Defendants.

**WHEREFORE**, Plaintiff Kathleen Emrick prays that this Honorable Court enter judgment on her behalf against Defendants Credit Counsel Inc., Jeffrey Allen, and Stacey Levy, jointly and severally, as follows:

(1) An award of actual damages for violations of the Fair Debt Collection Practices Act under 15 U.S.C. 1692k(a)(1) against Defendants Credit Counsel Inc., Jeffrey Allen, and Stacey Levy and for the benefit of Plaintiff Kathleen Emrick;

(2) An award of statutory damages for violations of the Fair Debt Collection Practices Act under 15 U.S.C. 1692k(a)(2)(a) against Defendants Credit Counsel Inc., Jeffrey Allen, and Stacey Levy and for the benefit of Plaintiff Kathleen Emrick;

(3) An award of attorney's fees and costs under 15 U.S.C. 1692k(a)(3) against Defendants Credit Counsel Inc., Jeffrey Allen, and Stacey Levy and for the benefit of Plaintiff Kathleen Emrick; and

(4) Any other relief this Court deems just and proper.

### Demand for Jury Trial

Plaintiff Kathleen Emrick demands a trial by jury.

**KATHLEEN EMRICK**
**By Counsel**

/s/ Jeffrey V. Mehalic
Jeffrey V. Mehalic (WV State Bar No. 2519)
Mehalic Law PLLC
364 Patteson Drive, No. 228
Morgantown, WV 26505-3202
(304) 346-3462
*Counsel for Plaintiff Kathleen Emrick*